**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CHERYL GOERS and EVELYN GOERS**            **PLAINTIFFS**

**VS.**            **CIVIL ACTION NO. 3:06CV431LS**

**RICHARD BOOKER; GAB ROBINS OF
NORTH AMERICA, INC.; EMC PROPERTY
& CASUALTY COMPANY; EMCASCO
INSURANCE COMPANY and EMPLOYERS
MUTUAL INSURANCE COMPANY**            **DEFENDANTS**

### ORDER

This matter came before the court on the Defendants' Motion for Extension of Time and their Motion for Sanctions. The first Motion sought an extension to October 1, 2006, within which to answer the Complaint. The Motion was filed on August 7, 2006, the same day that the case was removed, and it was overlooked by the court. In any event, the case was stayed on August 10, 2006, pending the resolution of the pending Motion to Remand. Out of an abundance of caution, the court will grant the Motion and set an Answer date of November 12, 2006. The Defendants further requested a statement from the court as to the status of any defenses; however, the court is of the opinion that the provisions of Fed. R. Civ. P. 12 are controlling on that issue.

The Defendants have also moved for sanctions, on grounds that Plaintiffs' counsel filed this lawsuit for the improper purposes of delay, harassment, and needless increase in the cost of litigation. In support of this Motion, the Defendants argue that the parties and issues are identical to those already before the court in 3:05cv272LS and 3:05cv544WS. The Plaintiffs dispute this claim, arguing that this case "amplifies the allegations" formerly made against one of the Defendants, Richard Booker. The Plaintiffs also assert that a new claim has arisen, in that the Defendants

wrongfully refused to pay a homeowners claim arising in July, 2006, when a car was accidentally driven through their home. Finally, the Plaintiffs argue that the parties in this case and the other cases are distinct.

According to the Defendants, the additional parties named in this lawsuit are merely subsidiaries of EMCC, and the resolution of the prior suits would have bound these Defendants. The Defendants also note that a new lawsuit was an improper vehicle with which to "amplify" the allegations made in the previous case. Finally, the Defendants claim that any claim regarding the July, 2006, incident in which a car drove through the house would not be covered under their policy, as it had lapsed prior to that time.

It appears to the undersigned that there is no likelihood that any of the Plaintiffs' claims in this suit will survive a dispositive motion. It further appears that this lawsuit was filed for an improper purpose, in contravention of Fed. R. Civ. P. 11(b). Therefore, sanctions should be awarded in an amount that will compensate the Defendants for the fees and expenses associated with the necessity of defending this matter. However, there is little point in attempting to set such an award at this juncture, as dispositive motions remain pending before the District Judge. When he issues an opinion on those Motions, he will be in the best position to make an award that will make the Defendants whole.

IT IS, THEREFORE, ORDERED as follows:

1. The Defendants' Motion for Extension of Time is hereby **granted**, and they have until November 12, 2006, within which to answer the Complaint filed in this matter.

2.	The Defendants' Motion for Sanctions is hereby **granted**, contingent upon the District Judge's ultimate dismissal of this action, in an amount to be set after that date.

IT IS SO ORDERED, this the 31st day of October, 2006.

S/James C. Sumner<br>
UNITED STATES MAGISTRATE JUDGE